Marcell MILLS, Jr., James W. Oliver Jr.; Carl Lee Jr.; Paul E. Williams; Maurice Belcher–Bey, Plaintiffs—Appellants,

and

Anthony L. Brewer, Sr.; Michael Melvin, Van P. Evans, Jr.; Nancy Gantz, Plaintiffs,

v.

Gray DAVIS, State of California Governor; Gerald Goldberg, Franchise Tax Board Executive Officer; Brad Sherman, Board of Equalization Chairman; Russell S. Gould, Director of Finance; Kathleen O'Connell, State Controller; Allen Hunter, Assistant Executive Officer of Franchise Tax Board; Will Bush, Assistant Executive Officer of Franchise Tax Board; Robert Beeding, Assistant Executive Officer of Franchise Tax Board; State of California; Franchise Tax Board; Aleece Marendt; Wayne Watanabe; Maria Porto; Marjorie Dequincy; Eric West; Denise Springer; Cathy Cleek; Marlene White; Bill Short; Annette Anderson, Defendants—Appellees.

No. 01–17029.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2002.

Decided Dec. 20, 2002.

482

Before BRIGHT,* HAWKINS and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Plaintiffs Marcell Mills Jr., James W. Oliver Jr., Carl Lee Jr., Paul E. Williams, and Maurice Belcher–Bey appeal the district court's grant of summary judgment in their Title VII action alleging that the California Franchise Tax Board ("FTB") and various employees thereof discriminated against them based on their race (African–American) and gender (male). See 42 U.S.C. § 2000e et seq. They also appeal the district court's denial of their motion for reconsideration. In addition, Mills appeals the district court's grant of defendant Aleece Marendt's motion for summary judgment on Mills' 42 U.S.C. § 1983 claim. After a careful review of the nearly 3,000 page record in this case, we affirm.[1]

*Motion for Reconsideration Based on "New Evidence"*

The district court granted summary judgment against plaintiffs Mills, Oliver, Lee, and Belcher–Bey on July 25, 1999, and against plaintiff Williams on November 17, 1999. On May 23, 2001, plaintiffs moved for reconsideration premised on their purported discovery of "new evidence." The "new evidence" consists of the declaration of Laverne Young, a series of depositions, and the December 29, 2000, report of the Joint Labor/Management Committee on Discrimination (the "JL/MCD report"). The district court denied the motion and entered final judgment.

We review the district court's denial of a motion for reconsideration for abuse of discretion. See *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000). In order to establish abuse of discretion, the plaintiffs must show: (1) that the proffered evidence was "newly discovered"; (2) that they exercised "due diligence" to discover this evidence; and (3) that the new evidence is "of such a magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211 (9th Cir.1987).

■ The plaintiffs have failed to make this required showing. The declaration of Laverne Young was submitted with the plaintiffs' original papers in opposition to summary judgment. It is thus not "new evidence." Two of the depositions were taken over a year before the district court granted defendants' motions for summary judgment, and thus are also not "new evidence." The remaining depositions were taken after summary judgment was granted, but are based on declarations that were in the plaintiffs' possession prior to July 25, 1999; plaintiffs offer no justification for their failure to depose these persons earlier, and thus have failed to satisfy their burden of showing "due diligence." The plaintiffs concede that the factual information contained in the JL/MCD report does not constitute "new evidence," but maintain that it represents an admission by the defendants that discrimination ex-

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties are familiar with the relevant facts, and we recount them here only as necessary to explain our decision.

ists in State employment, which is new. While this "admission" may be new, it is not of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Id.* Although the report indicates that adverse employment actions taken by the State disparately impact African–American, Hispanic, disabled, and male State employees, it does not analyze employment practices at the FTB specifically, the entity whose behavior is challenged in this case.

*Summary Judgment*

*Pattern or Practice*

■ We disagree with plaintiffs' contention that the district court erred in its resolution of their "pattern or practice" discrimination claim. The district court clearly recognized that the plaintiffs' seventh amended complaint alleges, among other things, that the FTB engaged in a "pattern or practice" of discrimination, but explained in its summary judgment orders that the plaintiffs had not "attempt[ed] to prove the essential elements of a claim of disparate impact, *i.e.*, that the defendant uses a particular employment practice that causes a disparate impact." *See Cooper v. Federal Reserve Bank of Richmond,* 467 U.S. 867, 875–76, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984) ("Proving isolated or sporadic discriminatory acts by the employer is insufficient to establish a prima facie case of a pattern or practice of discrimination; rather it must be established by a preponderance of the evidence that racial discrimination was the company's standard operating procedure—the regular rather than the unusual practice." (internal quotation marks omitted)). Plaintiffs argue on appeal that they have indeed presented a viable "pattern or practice" claim—*i.e.,* that the "FTB actively hid objective test scores to hide manipulation of the oral scores, then used the Rule of 3 to

pick and choose favorites for promotion, and that this pattern and practice had an adverse impact on black males." They point to their "newly discovered" evidence as supporting this theory. As explained above, this "newly discovered" evidence was properly rejected by the district court, and we therefore cannot consider it here. Even if the evidence were properly before this court, however, summary judgment in defendants' favor would still be warranted.

Plaintiffs have offered no evidence which supports the proposition that the oral interview scores were ever actually manipulated by defendants, let alone manipulated *in order to* discriminate against black males. Plaintiffs do not claim otherwise, but ask us to draw an inference of intentional manipulation from the defense's failure to produce certain test records during the course of discovery. Darlene Moser, Chief of Administrative Services at FTB, testified that although testing records are generally kept for two years, they are sometimes purged earlier in order to clear storage space. Plaintiffs offer no facts showing that this is not, in fact, what occurred here. We also note that although plaintiffs had ample time to challenge perceived discovery abuses, they raised this issue for the first time in their motion for reconsideration.

Plaintiffs argue that the district court erroneously "insisted" on statistical evidence. This is not accurate. The court merely noted the lack of statistical evidence as an example of plaintiffs' failure to produce *any* evidence tending to show a pattern or practice of discrimination. Plaintiffs' argument that they were inhibited from producing statistics due to the defendants' failure to keep Title VII records is likewise without merit. As the district court explained, whether or not the FTB failed to adequately compile data concerning discrimination complaints has no

bearing on plaintiffs' ability to produce statistics comparing the number of African–American males hired or promoted within the FTB to the eligible applicant pool.

We note that the plaintiffs' evidence does suggest that the "Rule of 3" provides FTB supervisors with opportunities to select "favorites" for positions within the FTB. Plaintiff Oliver claims when he served on an FTB oral interview panel he was approached by FTB employees desiring to put in a good word for particular applicants, in an attempt (Oliver speculates) to influence his scoring of their interview. But even if we accept the plaintiffs' argument that this evidence tends to show that the FTB hiring procedures are inconsistent with the competitive merit system guaranteed to civil service employees by the California Constitution, it does not create a genuine issue of material fact sufficient to withstand summary judgment in plaintiffs' Title VII *race- and gender-based* discrimination suit.

Plaintiffs argue that the district court erred by taking judicial notice of FTB rules and their administrative construction, because these rules were not appropriately adopted pursuant to the California Administrative Procedures Act. Nowhere does the record indicate that plaintiffs' raised this objection below. We decline to consider it for the first time on appeal. *See Janes v. Wal–Mart Stores, Inc.,* 279 F.3d 883, 887 (9th Cir.2002).

*Plaintiffs' Individual Claims*

Plaintiffs contend that the district court failed to consider carefully the evidence submitted in support of their individual cases. We disagree. Our independent review of the record reveals that the district court did a commendable job sorting through the facts in this case, and that it appropriately considered the evidence in its summary judgment rulings.

### 1. Marcel Mills

■ The district court granted summary judgment against Mills on his Title VII claim, finding that Mills had failed to offer "specific and substantial" circumstantial evidence that the defendants' articulated nondiscriminatory reason for terminating his employment was pretextual. After review of the record, we agree with the district court's findings. The FTB contends that it fired Mills because an investigation conducted by Aleece Marendt after Mills' encounter with Diane Nix on July 13, 1995, revealed that several FTB employees feared him. Mills has offered no material evidence that contradicts this.

Mills contends that the declaration of Laverne Young constitutes specific and substantial circumstantial evidence tending to show pretext, and that the district court improperly invaded the province of the jury by rejecting this evidence. We disagree. In her declaration, Young states that she does not believe that Meshelle Hardin and Diane Nix were intimidated by Mills, based on her observations of their interactions. The district court did not reject this testimony, but rather properly found that it did not constitute "specific and substantial" circumstantial evidence that the defendants' articulated reason for Mills' termination was pretextual. Nothing in the Young declaration contradicts the fact that Marendt honestly and reasonably believed that Mills posed a threat to his co-workers.

■ Mills also appeals the grant of summary judgment on his § 1983 claim alleging that Marendt violated his Fourth Amendment rights. Mills argues that the district court erred in finding that he had not opposed the summary judgment motion on this claim. We affirm on the ground that Marendt is entitled to quali-

fied immunity. Mills has not presented any evidence indicating that Marendt violated "clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Specifically, he offers nothing to defeat Marendt's reliance on *O'Connor v. Ortega,* 480 U.S. 709, 107 S.Ct. 1492, 94 L.Ed.2d 714 (1987). Mills provides no evidence, beyond mere speculation, to rebut Marendt's claim that she honestly and reasonably believed that Mills might have tax documents in his briefcase that needed to be secured before his departure.

### 2. James Oliver

The district court carefully evaluated Oliver's claims and found: (1) that Oliver had failed to produce material evidence tending to show that the FTB's articulated reasons for denying him the School Partnership Program, Tax Compliance, and Employees' Advisory Committee positions were pretextual; (2) that he failed to establish a prima facie case of disparate treatment with respect to the SSA and Advisory Committee positions (because he did not apply); and (3) that he failed to establish a hostile work environment claim. On appeal, Oliver again fails to point to any material fact in evidence that would save his claims. Nor has this court been able to find one.

■ Oliver argues that the district court erred when it excluded on hearsay grounds a comment allegedly made by FTB employee Steve Sims (and recounted by Oliver) to the effect that upper-level managers said that Oliver would have to be treated with "kid gloves" because of his lawsuit. He contends that this comment is not hearsay because it is offered as a verbal act: "Sims was harassing Oliver by making the remark, and therefore [sic]

evidence of a hostile environment." However, Oliver's declaration reveals that Sims never told Oliver about the comment allegedly made by management, and that in fact Sims was Oliver's ally (not his harasser). In his declaration, Oliver refers to testimony that Sims allegedly gave in a deposition. The Sims' deposition transcript itself is not a part of the record, and the district court properly excluded Oliver's statement as inadmissible hearsay.

### 3. Carl Lee

■ Lee offers no material evidence to rebut the defendants' articulated non-discriminatory reason for Lee's demotion and critical work evaluations (*i.e.,* that Lee's poor job performance warranted such actions). Nor does Lee offer evidence to rebut the defendants' claim that he was not promoted to the position of Staff Information Systems Analyst because he was ineligible according to personnel rules. He has also failed to link his supervisor's questions concerning his meetings with his union representatives to racial animus, and has not met his burden of establishing a hostile work environment.

### 4. Maurice Belcher–Bey

Belcher–Bey contends that the FTB's failure to select him for employment from the applicable civil service list generated in 1994 was discriminatory. The district court granted summary judgment against Belcher–Bey, explaining that "[f]or some of the positions, he [was] unable to show that the hiring decision-makers knew the race of the applicants," and "[f]or the other positions, he [could not] rebut defendants' legitimate, nondiscriminatory reasons." On appeal, Belcher–Bey points to no material evidence to contradict the district court's careful findings. His reliance on certain "new evidence" is misplaced because, as explained above, the district

court properly rejected this evidence as untimely. In any event, such evidence does not raise a genuine issue of material fact that would save Belcher–Bey's claims.

5. Paul Williams

■ Williams claims that the FTB violated Title VII when it failed to hire him to a permanent position after his probationary period. Defendants presented evidence that Williams was not hired because he failed to meet appropriate work quality standards. Williams does not provide any contrary material evidence.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts

